IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALLACE LAWRENCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case Number CIV-05-653-C |
| | ) |
| EDWARD L. EVANS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This pro se Petition for Habeas Corpus Relief, brought by a state prisoner under the authority of 28 U.S.C. § 2241, was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation on August 16, 2005, recommending Respondent's Motion to Dismiss be denied. Respondent timely objected, and at the direction of the Court, Petitioner filed a Response. The Court considers the matter de novo.

Petitioner filed the present action arguing he was denied due process in the course of a disciplinary proceeding on February 5, 2005. Petitioner pursued the Oklahoma Department of Corrections' appeal process and on April 12, 2005, the Director's Designee upheld the disciplinary findings. Petitioner filed the present action on June 7, 2005. Respondent filed a Motion to Dismiss, arguing Petitioner had failed to comply with 57 Okla. Stat. § 564.1 before filing this action and, therefore, he had failed to exhaust available remedies and the action should be dismissed. Petitioner agreed that he had failed to exhaust and requested a dismissal without prejudice. Considering the requested dismissal pursuant to Fed. R. Civ. P.

41(a)(2), Judge Purcell found the remedy provided by § 564.1 was not available to Petitioner and, therefore, dismissal was improper. Judge Purcell found the remedy unavailable for two reasons: first, because the statute did not become effective until after the disciplinary process had ended; and second, because the statute required the state court action to be filed within 90 days and that time had passed. Judge Purcell recommended Respondent's Motion to Dismiss be denied.

The Court declines to adopt the Report and Recommendation. It is undisputed that before Petitioner may proceed in this Court, he must first exhaust available state court remedies. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). Petitioner recognized this fact in his request for a dismissal without prejudice. It is likewise undisputed that § 564.1 was in force prior to Petitioner filing his habeas petition. That the 90-day time period set out in that statute may have now passed is not the issue. Rather, the Court must consider whether the remedies available *at the time of filing* were exhausted. See Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) ("When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition."). Because Petitioner had admittedly not pursued the remedies available under 57 Okla. Stat. § 564.1 prior to filing the present action, his case must be dismissed. However, that dismissal will be without prejudice.

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation entered on August 16, 2005, GRANTS Respondent's Motion to Dismiss (Dkt. No. 8), and DISMISSES this action without prejudice.

IT IS SO ORDERED this 18th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge